## E. E. WALDROP V. THE STATE.

No. 20559. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*J. V. Patterson,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is child desertion; the punishment, confinement in the penitentiary for one year.

Mrs. E. E. Waldrop, wife of the appellant, testified, in substance as follows: She and her husband had been married eleven years and had two small children, one being eight years of age and the other, ten. Her husband had had an affair with Eunie Epperson, which impelled Mrs. Waldrop to sue him for divorce. Appellant took up his residence with Eunie Epperson and her small son in one room. Thereafter he contributed nothing to the support of his children.

Appellant's brother testified that appellant lived with Eunie Epperson and her son in one room. He said: "He (appellant) bought the groceries and she did the cooking for him." It appears that appellant and his brother were in business together in Bridgeport. The brother testified further: "Yes, I talked this over with him several times and tried to get him to let this other woman alone and take care of his wife and children. He and Miss Epperson and her little boy lived together in one room of the house. Me and my family lived in the rest of the house."

Testifying in his own behalf, appellant denied that he was living with Eunie Epperson. It was his version that he boarded with her. Further, he testified that he tried to get his wife to surrender the children to him, and offered to take care of them if she would. Further, he testified that he had contributed to the support of his children to the extent of his financial ability.

We think the evidence is sufficient to support the conviction. The jury were warranted in reaching the conclusion that appellant gave his money to Eunie Epperson and her son instead of contributing to the support of his small children.

The three bills of exception in the record complaining of testimony to the effect that appellant was living with Eunie Epperson and supporting her fail to present error. If appel-

168

lant was spending his money on others when the legal and moral duty rested upon him to support his children it was proper for the State to show such fact in support of the averment in the indictment that he acted wilfully in refusing to provide for their support and maintenance. In short, the testimony was relevant. We quote from Branch's Ann. P. C., Sec. 97, as follows: "Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstances which tends to make the proposition at issue either more or less probable."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case presents no question differently to that in the original appeal; nor does the appellant cite us to any authority in aid of his motion. We have, however, reviewed the three bills of exception as originally and after giving further consideration to the record, we find no error pointed out by a proper bill.

The motion for rehearing is overruled.