**John Wayne MACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 29118.

Court of Criminal Appeals of Texas.

Oct. 9, 1957.

Hugh Snodgrass, Joe McNicholas, Dallas, for appellant.

Henry Wade, Dist. Atty., James K. Allen, Wm. F. Alexander and A. D. Bowie, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

Appellant was assessed the death penalty for statutory rape—that is, rape of a female under the age of fifteen years and not his wife.

The testimony of the prosecutrix, ten years of age, showed a case of rape by force.

The vaginal canal was lacerated to the opening of the rectum. Twenty stitches were required to repair the injury in forty-five minutes of surgery.

The prosecutrix was corroborated by the testimony of a younger brother and sister.

Testifying as a witness, appellant denied the commission of the crime and testified to an alibi.

The state introduced a portion of a written confession made by the appellant.

About all that this portion of the confession showed was that appellant was at the house where and at the time the offense was alleged to have been committed. The introduced portion of the confession did not admit the commission of the crime of rape or of an act of sexual intercourse with the prosecutrix.

The appellant did not offer in evidence the remainder of the confession, and its full content was not before the jury.

A reasonable conclusion to be drawn is that appellant did not admit his guilt in the confession and that the portions thereof not introduced in evidence were not favorable to the state.

No formal bills of exception appear in the record. No exceptions or objections were reserved to the court's charge.

From the informal bills of exception appearing in the statement of facts the following contentions appear:

When the state offered the prosecutrix as a witness, the appellant asked that the jury be retired in order that he might examine the witness to determine whether she was sufficiently qualified to testify. This request was overruled.

We are of the opinion that the question as to the competence of the witness is not before us, for we note that the state showed, before the witness gave her testimony, that she was a competent witness and knew and understood the nature of an oath.

Appellant registered no further objection to the testimony of the witness.

In the presentation of its case in chief, the state went into much detail in describing the wounds and injuries inflicted and the amount of blood which attended those injuries.

The appellant insists that proof of such fact was for the sole purpose of prejudicing the jury and that, under the facts, the amount of blood lost by the prosecutrix was not an issue in the case.

We are constrained to conclude that, under the facts here presented, the state was authorized to develop and show the nature and extent of the injuries inflicted upon the prosecutrix. Of necessity, the description of those injuries showed the loss of blood—all of which the jury knew, as a matter of common knowledge.

During the cross-examination of appellant, state's counsel inquired of him, if on the date of the alleged offense, he had a venereal disease. Appellent's objection to such question was promptly sustained, and the jury were instructed to disregard the question.

Appellant insists that his motion for a mistrial should have been granted, nevertheless.

We are unable to agree that the asking of the question was such error as that it could not be withdrawn from the jury's consideration.

The same conclusion is applicable to the instance where a jail guard volunteered the statement that appellant had a venereal disease when he was placed in jail. The trial court promptly withdrew the statement and instructed the jury not to consider it.

The record in this case has been fully examined, and we are unable to find therefrom that reversible error was committed upon the trial thereof.

The judgment is affirmed.