James A. MAXWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 34778.

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

Rehearing Denied Dec. 12, 1962.

Moises V. Vela, Harlingen, Hector Yznaga, Brownsville, for appellant.

F. T. Graham, Dist. Atty., Brownsville, Joel William Ellis, Asst. Dist. Atty., Harlingen, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is rape by force; the punishment, 25 years.

Appellant's able counsel correctly states the case as follows: "On the evening of the 11th day of July, 1961, a young girl by the name of Gloria Martinez was acting as baby sitter for the children of a woman by the name of Grace Hinkle. Grace Hinkle owned a trailer house in the City of Harlingen, Texas, where she lived with her two children. It was at this trailer house that Gloria Martinez was discharging her duties as baby sitter. At approximately 10 o'clock P.M. on July 11, 1961, a man came to the trailer house and after a brief conversation raped and beat Gloria Martinez. Appellant was arrested shortly after midnight on July 12, 1961, and charged with the rape of Gloria Martinez."

Whether the state proved that appellant was the man who ravished the girl, as found by the jury, is the main question presented by the appeal.

Gloria testified that she was 14 years old; that she lived in Mexico and was in the sixth grade. She identified the appellant as the man who came to the trailer house about 10 o'clock P.M.; came into the bedroom where she was lying down, grabbed her by the neck and put a hand over her mouth as she was trying to scream, then struck her more than once with something heavy, she thought with an iron.

She testified that after appellant hit her on the head she was unconscious, but remembered that she scratched him. (There was evidence that appellant's arm was scratched and that what appeared to be flesh was found in scrapings from the girl's fingernails.)

When she regained consciousness she was still lying on the bed. Her panties had been removed and seminal stains were found on the bed sheet. Examination of the girl at the hospital revealed tears in the vagina, bleeding moderately, as well as finger marks on the throat and lacerations on the head "right down to the skull".

Appellant suggests that conceivably someone else could have entered the trailer house and committed the rape, even though appellant assaulted the girl with the iron. We do not find this a reasonable outstanding hypothesis which would render the circumstantial evidence against appellant insufficient.

Appellant's brief presents several claims of error.

The first relates to the testimony of the prosecutrix as to how the appellant looked when he was brought before her at the hospital and identified by her. She was asked: "Can you describe how he looked that morning in the hospital?" to which she replied: "He did not want to look at me. He just turned * * * his head. He didn't want to see me."

No error is shown in the overruling of appellant's objection to the question as to whether the witness could describe the appearance of the appellant.

As to the answer given by the witness, that the appellant did not want to look at her, appellant objected that such was conclusion, but made no effort to have the answer withdrawn. See Fletcher v. State, 164 Tex.Cr.R. 321, 298 S.W.2d 581; Christesson v. State, Tex.Cr.App., 353 S.W.2d 218; 13 Tex.Dig., Criminal Law—1044.

Appellant presents as error calling for reversal what he refers to as "a consistent reference by the District Attorney to the appellant's marital status."

■ Evidence was admitted without objection to the effect that appellant was a married man. Being in evidence, we are aware of no rule prohibiting reference thereto by the District Attorney. Also, we find no bill of exception, formal or informal, in the record complaining of the conduct of the District Attorney in this regard.

■ Appellant next claims error because the prosecuting witness was permitted to exhibit scars on her head "where he hit you with the iron".

Appellant was charged with an assault as well as with rape. The prosecutrix testified that she was rendered unconscious by the blow upon her head, and because of her inability to testify as to what occurred following the infliction of such wounds the state was required to rely upon circumstantial evidence. The appellant did not testify.

The court's charge required the jury to find, in order to convict, that the girl was ravished by the appellant by the use of force. The state's proof of force included the blows upon her head with an iron, which rendered her unable to resist. The nature and seriousness of the injuries were admissible as a part of the state's case.

Louks v. State, 148 Tex.Cr.R. 107, 185 S.W.2d 109, is authority for our holding that no reversible error is shown on this point.

For like reason, no error is shown in the admission of the testimony of Dr. Dyo as to the lacerations on the head of the prosecutrix.

There was testimony from which the jury could have concluded that appellant was drunk and was at another place at the time the girl was ravished.

The issues raised were submitted to the jury in a charge to which there were no objections. The jury resolved the issues against appellant and found him guilty of rape by force, and we find the evidence sufficient to sustain their verdict.

The judgment is affirmed.