Arthur Lee ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43058.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Casbeer Snell, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert R. Scott, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, fifteen years.

The appellant combined his first three grounds of error in his brief: He contends that the trial court erred in refusing his motion to exclude the testimony of his actions from the time of the alleged offense to the time of his arrest because such events and some of the acts were of other crimes for which he was not here on trial; the refusal of his motion to exclude and suppress the actions and rulings in the proceedings of the divorce court which inferred acts of assault and battery and contempt which were not a part of the offense here charged; and also the refusal of his motion to exclude the testimony of the extent of the hospital care for complainant because there was no showing it was medically related to the single bullet wound, and that it was inflammatory and deprived him of a fair trial.

The testimony reflects that after Evelda Robinson and the appellant had been married for about two years, and while a divorce suit, which she had filed, was pending, he came to her house at 11 a. m., but he could not enter because the screen door was locked. They had a brief conversation during which she told him he was not supposed to come there. After closing the door, Evelda, through a glass in the door, saw appellant pull a pistol and shoot through the door. The bullet hit her in the stomach. Shortly afterward, he kicked the front door open, entered the house, beat her, struck her in the head with the pistol requiring 19 stitches to be taken, and he told her he would kill her. He forced her from the house and into a car where appellant's companion, Arlander Calvin Suber, was waiting. After driving around for sometime, they went to a motel but drove away when the appellant saw a policeman. During this time, Evelda was pleading with the appellant and Suber to take her to a hospital. At about 11:50 a. m. they were stopped by an officer. At this time appellant told the officer: "That's my wife. I'm going to kill her." While the officer was examining Suber's driver's license and talking with Evelda, the appellant pointed his pistol

**574** ▪ ▬

toward the officer, took the officer's pistol, and they drove away leaving the officer. After travelling a short distance, the appellant took the two pistols and left the car and walked away. Within a brief time after appellant left the car, he was apprehended by an officer who took possession of the two pistols. At 11:58 a. m. Suber and Evelda arrived at a hospital where she remained fourteen months during which time she underwent seven operations and was given 22 pints of blood.

▪ The testimony as to the series of events from the arrival of the appellant at Evelda's house to the arrest of the appellant was admissible in that they were res gestae. Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912.

▪ The appellant did not testify but called the attorney who had represented him in the divorce case. The attorney testified there was a restraining order issued against the appellant, but there was a separate agreement for the appellant, accompanied by another person, to go to Evelda's house only to get his clothing. In light of this testimony there appears no error concerning the admission of evidence of the divorce proceedings.

▪ The offense charged being assault with intent to murder, there appears no error in the admission of evidence of the nature and extent of the injuries inflicted upon the assaulted party and the care required for them. No photographs were used during the trial, and there was no medical testimony by a physician. Levell v. State, Tex.Cr.App., 453 S.W.2d 831.

▪ It is contended that it was error for appellant's wife to testify against him.

The wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other. Art. 38.11, Vernon's Ann.C.C.P.

▪ The fifth ground of error is that the court failed to charge the jury on self-defense.

The evidence did not raise the issue of self-defense in behalf of the appellant. The fifth ground of error is overruled.

▪ The appellant contends that the trial court erred in overruling his motion for new trial on the ground that the judgment was contrary to the law and the evidence.

No testimony is contained in the record in support of the motion.

The summary of the evidence in considering the first three grounds of error reveals that it is sufficient to support the judgment.

The judgment is affirmed.