**Sammy Conrad GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 504–82.

Court of Criminal Appeals of Texas,
En Banc.

June 18, 1986.

Mark F. Holland, J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty. and Kathi Alyce Drew, Ronald D. Hinds and R.R. Smith, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of aggravated kidnapping and was sentenced to seventeen years' incarcertion in the Texas Department of Corrections.

The Dallas Court of Appeals found that an extraneous offense was improperly admitted at trial. The Court of Appeals excluded the extraneous offense in considering the sufficiency of the evidence and concluded that the remaining evidence was insufficient to sustain appellant's conviction for aggravated kidnapping. The Court remanded the cause for a new trial for the lesser included offense of kidnapping. *Garza v. State*, 632 S.W.2d 823 (Tex.App.— Dallas 1982).

We granted the State's petition for discretionary review on two issues: first, to determine if the extraneous offense was properly admitted at trial; and second, if the extraneous offense was not admissible, to determine whether it was proper for the Court of Appeals to eliminate the inadmissible evidence in reviewing the sufficiency of the remaining evidence to support the conviction.

The record reflects that on June 9, 1978, appellant drove up to a pair of girls, one of whom was the 12-year-old complainant. Appellant asked for directions and after receiving them drove away. Appellant returned and offered the complainant $20 to get into the truck with him. When she refused appellant grabbed her and forced her into the truck. Appellant told her that if she tried to escape he would "jump" her. While they were stopped at an intersection the complainant was able to escape.

Appellant was arrested a short time later and eventually indicted for aggravated kidnapping. The indictment reads in relevant part:

... SAMMY CONRAD GARZA ... did unlawfully, knowingly restrain C_____, by secreting her in a place not likely to be found, to-wit: an automobile, with the intent to prevent her liberation, and with the intent to terrorize, sexually violate, and sexually abuse the said C_____

The State conceded that the only way it could show that appellant intended to terrorize, sexually violate, and sexually abuse the complainant in the instant case was to introduce evidence that appellant had committed sodomy on a 12 year old boy 3½ months earlier.

The evidence presented on the extraneous offense showed that on February 23, 1978, appellant drove up beside R_____, a 12 year old boy, and asked him if he needed a ride. R_____ accepted appellant's offer. Appellant drove for five or ten minutes in a different direction from R_____'s destination until he reached a wooded area where the offense occurred. Afterward appellant offered R_____ money to repeat the practice the next week and drove R_____ back near his house.

Appellant made a timely objection to the introduction of the extraneous offense which was overruled at trial. The court of appeals concluded that the extraneous offense was not sufficiently similar to be

probative on the issue of the appellant's intent. We agree.

■ The test used to determine the admissibility of an extraneous offense involves a two-step process. Initially, it must be determined whether the extraneous offense evidence is relevant to a material issue in the case. Then, the evidence must possess probative value which outweighs its inflammatory or prejudicial effect. *Plante v. State*, 692 S.W.2d 487 (Tex. Cr.App.1985); *Williams v. State*, 662 S.W.2d 344 (Tex.Cr.App.1983).

Relevancy is that which makes the proposition at issue more or less probable. *Waldrop v. State*, 138 Tex.Cr.R. 166, 133 S.W.2d 969 (1940). Where the evidence sought to be introduced is an extraneous offense,

> Its relevance is a function of its similarity to the offense charged. In this regard, however, similarity means more than that the extrinsic and charged offenses have a common characteristic. For the purpose of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.' Stone, The Rule of exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954, 955 (1933). Therefore, similarity, and hence relevancy is determined by the inquiry or issue to which the extrinsic evidence is addressed. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (En Banc).

The extraneous offense involved in the instant case is simply not sufficiently similar to be probative on the issue of intent. As is amply pointed by the Court of Appeals there are numerous similarities and differences between the two offenses. For example, each victim was approximately twelve years old; each victim was playing in or walking adjacent to the street when confronted by appellant; in both instances appellant drove a pickup truck with a small camper; appellant drove in a different direction from that promised to the victim; and appellant offered each victim money. On the other hand, the victim of the extraneous offense was a boy while the victim in the instant case was a girl; appellant approached the boy by offering him a ride, while he approached the girl by asking directions; the boy voluntarily entered appellant's truck, while the girl was forced into the truck by appellant; as the boy was leaving the pickup after consummation of the sexual act, he was offered money to repeat the act next week, while the girl was offered money prior to being forced into the vehicle; and the extraneous offense was oral sodomy, while the offense in the instant case was aggravated kidnapping. In addition, many of the similarities are immaterial. For example, it is hard to understand how the fact that each time appellant used a pickup truck is a relevant consideration in the instant case. Further, each victim was picked up beside a road because appellant was driving a motor vehicle.

■ It is true that the similarity required for extraneous offenses introduced to show intent is less rigid than for other purposes. *Plante*, supra. However, even under a relaxed similarity requirement, the extraneous offense introduced in the instant case is not sufficiently similar that its probative value with respect to appellant's intent outweighs its prejudicial effect. See *Collazo v. State*, 623 S.W.2d 647 (Tex.Cr. App.1981).

■ The admission of the extraneous offense in the instant case was trial error and the proper remedy is to reverse and remand. After finding the extraneous offense inadmissible the Court of Appeals should not have determined whether the *remaining* evidence, absent the extraneous offense, was sufficient to sustain appellant's conviction. *Roeder v. State*, 688 S.W.2d 856 (Tex.Cr.App.1985); *Porier v. State*, 662 S.W.2d 602 (Tex.Cr.App.1984). Thus, it was error for the Court of Appeals to limit retrial to the lesser included offense of kidnapping as this amounted to an acquittal of appellant's aggravated kidnapping conviction.

However, on direct appeal appellant raised a contention as to the sufficiency of the evidence to support his conviction even if the extraneous offense was considered in reviewing the sufficiency. The Court of Appeals failed to consider this ground of error. Accordingly, the case is remanded to the Court of Appeals for consideration of appellant's general sufficiency grounds.[1]

CLINTON and CAMPBELL, JJ., concur in the result.

ONION, P.J., and McCORMICK, MILLER and WHITE, JJ., dissent.

1. Of course, should the Court of Appeals find the evidence generally sufficient appellant is still entitled to a new trial because of the erroneous admission of the extraneous offense.