James E. BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 663–85.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1988.

William W. Vance, court appointed on appeal only, Bryan, Walter C. Prentice, on PDR only, Austin, for appellant.

Bill Turner, Dist. Atty. and Todd Jermstad and Rodney Boyles, Asst. Dist. Attys., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted by a jury of the offense of rape and after it found the enhancement paragraph to be true the jury assessed punishment at thirty-five years in the penitentiary.

The appellant's conviction was affirmed by the court of appeals. *Brown v. State*, 692 S.W.2d 146 (Tex.App.—Houston [1st] 1985, *pet. granted*). We granted the ap-

pellant's petition for discretionary review to review the following ground for review:

> Whether the Court of Appeals erroneously concluded that the Trial Court was proper in admitting evidence concerning the victim's two suicide attempts, weight gain, job loss, fear of being outside and loss of confidence, all of which occurred in the eight months between the rape and the trial.

The court of appeals endorsed the trial court's admitting the evidence set forth above by concluding that consent was a disputed issue during the trial and "the state was entitled to offer relevant proof tending to show that complainant had not consented to engage in the act of sexual intercourse." *Brown v. State, id.*, at 150.

If the facts were such that consent had in reality been a contested issue the court of appeals would have undoubtedly been correct in its analysis. However, as Justice Cohen effectively and accurately observed in his dissenting opinion: "It is significant that the appellant's sole defense was alibi. There was no claim of consent. The majority's astonishing claim to the contrary has no support in this record." *Brown v. State, id.*, at 153 (Cohen, J., Dissenting). Further, "[t]here was no dispute concerning whether the victim had undergone a traumatic event, in general, or a rape, in particular." *Id.*, at 154.

A detailed statement of the facts is unnecessary. It is sufficient to note that on direct examination the complainant testified that she went to appellant's apartment at his request and after she arrived he pulled her inside and raped her. In addition, over appellant's objection, she testified to specific instances of the emotional trauma she had experienced since the rape. Contesting such testimony, the appellant simply asserted he did not rape the complainant or have sexual intercourse with her at all. In addition, he presented an alibi witness who testified he was with her when the rape occurred.

The issue that must be resolved is, therefore, nothing more than one of relevancy. Although not applicable to this case, Rule 401 *Tex.R.Cr.Evid.* states the definition of relevancy as follows: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In *Plante v. State,* 692 S.W.2d 487 (Tex.Cr. App.1985), Judge Campbell, writing for the Court, accurately defined relevancy to be evidence " 'which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable ...' [citation omitted]." *Id.*, at 491. In a footnote, Judge Campbell also observes that the Court does "not perceive this definition as being any different from Tex.R.Evid. 401...." *Id.*, at fn. 6.

■ Relevancy, under either definition, is predicated on a subjective relationship between the proffered evidence and a "fact that is of consequence to the determination of the action...." Rule 401 *Tex.R.Cr. Evid.* Therefore, evidence is relevant only if it tends to make "the existence of ..., [that fact] more probable or less probable...." Rule 401, *supra.* Consequently, any item of evidence that alters the probability of a consequential fact is relevant because to alter the probabilities of a fact there must be a subjective relationship between the proffered evidence and the ultimate fact. In other words, for an item of evidence to alter the probabilities of the existence of the consequential fact and thus be relevant it must logically increase one's knowledge and enhance the likelihood of ascertaining the truth about the fact.

■ In the present case, the consequential fact was that the complainant had been raped. Thus, any evidence that would tend to prove that fact or increase the jury's knowledge about that fact would be relevant. However, as previously observed, there was no dispute that she had been raped; therefore, evidence of her emotional difficulty after the rape would not alter the probability it occurred because that was not disputed. Therefore, quite simply,

there was no logical relationship between the evidence and the consequential fact. Thus, it was irrelevant and should not have been admitted into evidence.

■ During the State's case-in-chief, Dr. Dale Simpson, a psychologist, also testified. He stated that he had been treating the complainant and had diagnosed her as suffering from a "DS3 diagnosis of adjustment reaction with depressed mood." According to Dr. Simpson, an "adjustment disorder is a diagnosis that describes a certain emotional state ... [that is] in reaction to some event that has happened to the person, usually an obviously traumatic event...." Later in his testimony, Dr. Simpson detailed the symptoms of "an adjustment reaction with depressed mood" as follows: "It is an intense depressed mood in the person, that you see things like fatigue, lack of caring in their job and their work, withdrawal, staying at home, not wanting to get out of bed sometimes is a symptom." In addition, and quite significantly, Dr. Simpson observed that a sexual assault is a common cause of this emotional state.

Concluding his testimony, Dr. Simpson testified that he had received a medical history from the complainant and that in his opinion the source of the complainant's emotional difficulties was that "[s]he reported that she had been raped. And I had tied that into her report of the rape."

It is apparent that Dr. Simpson's testimony was essentially the same as that given by the complainant regarding her emotional state after the rape. However, the appellant did not object to this testimony on the basis that it was irrelevant. The only objections lodged by the appellant to Dr. Simpson's testimony was that there was no proper predicate laid for his opinion and that the State failed to supply him with the doctor's notes in violation of the court's discovery order. Neither of which was claimed as error before the court of appeals.

■ In *Anderson v. State*, 717 S.W.2d 622 (Tex.Cr.App.1986) the rule regarding such cumulative evidence was stated as follows: "Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove." *Id.* at 628. See also: *East v.State*, 702 S.W.2d 606 (Tex.Cr. App.1985) and *Lichtenwalter v. State*, 554 S.W.2d 693 (Tex.Cr.App.1977).*

As previously stated, the evidence of the complainant's emotional reaction to the rape, under the facts of this case, was irrelevant, and should not have been admitted. However, the similar and equally irrelevant testimony of Dr. Simpson that was not objected to cures the error. The complainant's testimony was simply cumulative of Dr. Simpson's testimony. Under Rule 81(b)(2) *Tex.R.App.Pro.* we find beyond a reasonable doubt that the error in admitting the testimony of the complainant concerning her emotional problems, when considered in conjunction with the unobjected to testimony of Dr. Simpson, did not contribute to the judgment of conviction or the punishment.

Therefore, the judgment of the court of appeals is affirmed.

McCORMICK, Judge, concurring.

Since I find that the evidence was properly admitted, I do not believe it necessary to reach the issue of curative admissibility as the majority has done. Agreeing, however, that the Court of Appeals reached the correct result, I file this concurring opinion. In doing so, I will examine the facts in somewhat greater detail than has the majority.

The first witness called to testify at appellant's trial was the victim L⎯ L⎯. As part of her testimony on direct examina-

---

* Although some cases refer to this as the "doctrine of curative admissibility" such a label is erroneous. In summary, the doctrine of curative admissibility is applicable to those situations in which the error accompanying the improper admission of evidence is rendered harmless because the defendant offers the same evidence. For a complete discussion of the doctrine of curative admissibility see *Sweeten v. State*, 693 S.W.2d 454 (Tex.Cr.App.1985) and *Bush v. State*, 697 S.W.2d 397 (Tex.Cr.App.1985).

tion, in addition to reciting the facts of the offense, L___ L___ testified over objection that as a result of the offense she had become emotionally distressed, she had had to quit her job as a mail carrier in that she was afraid to be outside, she had gained a lot of weight since the offense, and she had attempted to commit suicide on two occasions. In response to appellant's objections that this testimony was inflammatory and prejudicial, the State argued that the testimony was offered to show the effect the rape had on her life as related to her credibility.

On original appeal, appellant argued that the trial court committed reversible error by allowing this testimony into evidence. The Court of Appeals, after noting that the State had the burden to show that the intercourse was without the victim's consent, and finding that consent was the central issue to the case, held that the evidence was admissible to prove that the victim did not consent to the intercourse. Analogizing the complained of evidence to proof of physical injury after a sexual assault as a result of threats or force, the court held that the trial court did not abuse its discretion in admitting the evidence. The court further found that any error was waived when the State introduced testimony from a psychologist, without objection from appellant, that the victim had suffered emotional trauma as a direct result of a single traumatic event—the rape. *Brown v. State,* 692 S.W.2d 146 (Tex.App. —Houston [1st Dist.] 1985). We granted the appellant's petition for discretionary review to review the decision of the Court of Appeals.

L___ L___, the victim, testified that on August 26, 1983, two days before the offense, she received a phone call from a man who identified himself as "Sean." Sean told her he was doing a telephone survey for social clubs in Bryan. The two began talking and carried on a lengthy conversation covering a variety of topics, including their interests and hobbies. L___ L___ testified that "Sean" sounded like a nice, articulate and interesting person. At the end of the conversation, "Sean" asked L___ L___ if she would come to his place.

She declined and the conversation ended. The next day, Saturday, August 27, "Sean" telephoned L___ L___ again. This phone conversation lasted approximately 30 minutes and "Sean" asked L___ L___ to meet him the next day and go bicycle riding. L___ L___ told "Sean" that she might meet him. However, the next day, Sunday the 28th, L___ L___ did not keep their appointment. That night at approximately 9:30 "Sean" called L___ L___ again. "Sean" asked L___ L___ to come to his apartment. Initially L___ L___ refused but after "Sean" continued to press her, she agreed. She drove to "Sean's" apartment and knocked on the door. "Sean", whom L___ L___ identified as appellant, answered the door. L___ L___ testified that she was shocked when she saw that appellant was black because over the phone he sounded white. Because of this revelation L___ L___ turned to leave. Appellant pulled her into the apartment and locked the door. Thereafter appellant raped her. After the attack, appellant let L___ L___ leave. She then went home and called a friend and told her what had happened. The next day appellant went to a local hospital and had a rape kit examination. The examination revealed that L___ L___ had engaged in sexual intercourse in the recent preceding hours. After reciting the events surrounding the offense, L___ L___ was allowed to testify over appellant's objection how the rape had affected her life in the months since the rape.

Appellant testified that he first spoke with the victim who identified herself as "Tammy" on Friday, August 26, 1983, when he was trying to sell coupon books over the telephone for a company called Effective Marketing Service. According to appellant he spoke with "Tammy" between 8:00 p.m. and 9:00 p.m. and then she came to his apartment uninvited at 9:45 p.m. He invited her in and offered her a glass of wine. According to appellant he did not make any sexual advances to appellant and after an hour he asked her to leave because he was expecting other company. Appellant testified that at the time of the alleged

offense on Sunday, August 28, he was visiting with a sick friend. He testified that he went to Pam Gibson's house at approximately 9:00 p.m. to check on her as she had been sick all weekend. He fell asleep at Gibson's house and left when she woke him up at 2 a.m. and asked him to leave. Appellant vehemently denied that he had raped L▓▓▓ L▓▓▓ and testified that he had no physical contact with her whatsoever.

Pam Gibson, appellant's friend, testified that she was sick on August 28. She testified that she remembered appellant coming to her house that day but she did not remember what time he came or what time he left. She did remember getting up during the night, finding appellant asleep in her house and telling him to go home.

The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *Werner v. State*, 711 S.W.2d 639 (Tex.Cr.App.1986); *Johnson v. State*, 698 S.W.2d 154 (Tex.Cr.App.1985).

"Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable." *Plante v. State*, 692 S.W.2d 487, at 491 (Tex.Cr.App.1985), quoting from *Waldrop v. State*, 138 Tex.Cr.R. 166, 133 S.W.2d 969 (Tex.Cr.App.1940).

After reviewing the evidence adduced at trial, I would hold that the trial court did not abuse its discretion in admitting the evidence. It has long been the rule that when a violent crime has been committed, evidence of the physical injuries sustained by the victim is admissible. *Hafti v. State*, 487 S.W.2d 745 (Tex.Cr.App.1972) (robbery by firearms); *Robinson v. State*, 457 S.W.2d 572 (Tex.Cr.App.1970) (assault with intent to murder); *Levell v. State*, 453 S.W.2d 831 (Tex.Cr.App.1970) (robbery by firearms); *Maxwell v. State*, 362 S.W.2d 326 (Tex.Cr.App.1962) (rape by force); *Mack v. State*, 307 S.W.2d 588 (Tex.Cr.App. 1957) (statutory rape). As the Court of Appeals correctly pointed out, sexual intercourse perpetrated by threats and force is a violent act. Iles, *Rape Trauma Syndrome*, 50 Mo.L.Rev. 947, 949 (1985). Furthermore, it is common knowledge that a victim of a sexual assault often suffers not only physical but psychological and emotional injuries. Iles, *Rape Trauma Syndrome*, 50 Mo.L.Rev. 947 (1985); *Admission of Expert Testimony on Rape Trauma Syndrome*, 75 J.Crim.L. & C. 1366 (Winter 1984). Evidence of the victim's emotional and psychological state after the incident tends to buttress the victim's version of the sexual assault, especially so in cases such as the instant case where the defensive theory is that the sexual assault never occurred. I see no reason to differentiate these psychological and emotional injuries from the physical injuries that a victim may suffer. *Baldwin v. State*, 697 S.W.2d 725 (Tex.App.—Corpus Christi 1985, petition refused); *Burge v. State*, 73 Tex.Cr.R. 505, 167 S.W. 63 (Tex.Cr.App. 1914). The testimony was both relevant and admissible.

Under the evidence presented, the sole issue was whether a rape had occurred, and the victim's testimony tended to make that proposition more probable.

The portion of the Court of Appeals' opinion which asserts that consent was the main issue in the case is clearly erroneous. Consent was not the main issue. The defense theory was not that L▓▓▓ L▓▓▓ agreed to have sexual intercourse with appellant. Rather appellant testified that no sexual intercourse had occurred. Thus the rationale that such evidence was admissible to show that the sexual intercourse was not consensual is not applicable to the instant case.

Believing the evidence to have been admitted properly, I concur in the result reached.

ONION, P.J., and DAVIS, J., join in this opinion.