IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-384-CR





BILLY GERALD CRUTCHER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 42,603, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02
(West 1989 & Supp. 1994). The district court assessed punishment, enhanced by a previous
felony conviction, at imprisonment for twenty years.

 Kimberly Alton testified that she was driving to work when a pickup truck cut in
front of her in traffic, forcing her to swerve to avoid a collision. After this happened, Alton "kind
of just threw my hands up, you know, like that (indicating) like you idiot or something." The
driver of the pickup, identified by Alton at trial as appellant, responded with an obscene gesture. 
Alton responded in kind. Appellant moved into the lane to the right of Alton, and just in front
of her vehicle. "He pulled a gun up into the back window and he just held it up . . . and then he
put a magazine up with this hand and just popped it in the handle of the gun." After loading the
weapon, appellant pointed it at Alton. Alton slowed to a stop. Appellant did the same, continuing
to point the pistol at Alton. Appellant then sped away, but not before Alton wrote down his
license number.

 Appellant's defense was misidentification. Alton was unable to positively identify
appellant's picture in a photo spread. Defense witnesses testified that appellant did not own a
pistol or a hat of the sort Alton testified the driver of the pickup was wearing. Another defense
witness testified that he was with appellant at the time and place in question and that no incident
of the sort described by Alton took place. It was appellant's theory that another driver in a truck
similar to his was the guilty party, that Alton lost sight of this truck in traffic, and that she wrote
down appellant's license number by mistake. 

 In point of error two, appellant contends the district court erred by admitting
evidence at the guilt stage that Alton received counseling as a result of this incident. The
testimony to which appellant refers was adduced during questioning of Alton by the prosecutor.



Q. Kim, let me just ask you first of all has this case caused you a lot of personal
problems since the commission of this?


A. Yes.


 MR. NOELL [defense counsel]: Your Honor, I object to that. That's
irrelevant at this point in the trial.


 THE COURT: Where is that leading to, counsel?


 MR. CARROLL [prosecutor]: Well, Judge, she's obviously sitting there
visibly shaken from this thing.


 THE COURT: That's obvious, Mr. Carroll. Where are you leading to with
your question was my question.


 MR. CARROLL: I was going to ask her if she's had some professional
counseling as a result of this incident, Your Honor.


 THE COURT: All right. That's fine.


 MR. NOELL: Your Honor, again I'm going to object, irrelevant and
immaterial and has no place in the guilt or innocence phase of the proceeding.


 THE COURT: Objection is overruled.


BY MR. CARROLL:


Q. Have you had to have some counseling?


A. Yes.


Q. Who have you been seeing for problems you've had from this?


A. Mrs. Diane Campbell.


Q. Does she practice in Killeen?


A. Yes, sir.


Q. And how may times have you had to see her?


A. Oh, my goodness, numerous. I was seeing her every week up until the first
part of April. I believe March 26 was my last time every week and then I had
several family emergencies and I couldn't see her in April. I went to see her,
back to see her last Friday.


Q. Did she come to court with you today?


A. Yes, she did.



 We begin by overruling the State's contention that appellant failed to preserve this
point for review. After the prosecutor informed the court that he intended to question Alton about
the counseling she had received, appellant objected that such testimony was irrelevant at the guilt
stage. The court overruled this objection. Under the circumstances, appellant was not required,
as the State would have it, to object to each individual question about Alton's counseling in order
to preserve error.

 We also believe that the admission of this testimony was error under the rationale
of Brown v. State, 757 S.W.2d 739 (Tex. Crim. App. 1988). Brown was a prosecution for sexual
assault in which the defense was alibi. The State was permitted to offer evidence at the guilt stage
that, since the assault, the victim had twice attempted suicide and otherwise manifested emotional
trauma. The Court of Criminal Appeals held that because there was no dispute that the victim had
been sexually assaulted and that this had been a traumatic event, the evidence regarding her
emotional reaction to the assault was irrelevant to any issue at the guilt stage. 757 S.W.2d at 741;
see also Miller-El v. State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990) (testimony regarding
attempted murder victim's future hardship as paraplegic was irrelevant to any guilt issue); Tex.
R. Crim. Evid. 402.

 It was undisputed that someone intentionally or knowingly threatened Alton with
imminent bodily injury by use of a firearm. There was no dispute that this was a traumatic event. 
As in Brown, the only disputed issue at the guilt stage was appellant's identity as the assailant. 
We are bound to hold that the testimony regarding the counseling received by Alton following the
offense was irrelevant to any guilt issue. (1)

 We also hold that the erroneous admission of the counseling testimony was
harmless. Tex. R. App. P. 81(b)(2). Alton cried while on the witness stand, and it was obvious
to the jury that this experience had been a traumatic one for her. Defense counsel used this in his
jury argument, suggesting that Alton's ability to identify her assailant was impaired by her
emotional reaction to the offense. We are satisfied beyond a reasonable doubt that Alton's brief
testimony describing the counseling she received after the offense did not contribute to the finding
of guilt. Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989). Any effect the testimony
might have had on the punishment assessed is irrelevant, as testimony concerning the emotional
impact of this offense on Alton would have been admissible at the punishment stage. Stavinoha
v. State, 808 S.W.2d 76 (Tex. Crim. App. 1991); Miller-El, 782 S.W.2d at 895-96. Point of
error two is overruled.

 In point of error one, appellant contends the evidence is insufficient to prove his
identity as the person convicted in Bell County cause number 39,379, the conviction used for
enhancement of punishment. State's punishment exhibit one is a properly authenticated
penitentiary packet containing a certified copy of the judgment in cause number 39,379. The
judgment reflects that Billy Gerald Crutcher was convicted in that cause of possessing
amphetamine. The exhibit also contains a photograph and a detailed physical description of the
Billy Gerald Crutcher imprisoned as a result of the conviction. This information was sufficient
to permit the district court to identify appellant as the person previously convicted. Littles v.
State, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (opinion on motion for rehearing); Daniel v.
State, 585 S.W.2d 688, 691 (Tex. Crim. App. 1979); Gollin v. State, 554 S.W.2d 683 (Tex.
Crim. App. 1977); Simms v. State, 848 S.W.2d 754, 756 (Tex. App.--Houston [1st Dist. 1993,
pet. ref'd). Appellant's attempt to distinguish these opinions on their facts is unpersuasive. Point
of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 22, 1994

Do Not Publish


1.   The State argues that proof of the corpus delicti is always necessary, even in cases in
which the fact of the offense is not seriously disputed, and that the proper objection to the
victim-impact testimony in Brown (and by implication in this cause) was not that it was
irrelevant, but that the probative value of the testimony was substantially outweighed by the
danger of unfair prejudice and confusion of the issues at the guilt stage. Tex. R. Crim. Evid. 403. 
Until Brown is revisited by the Court of Criminal Appeals, however, we are bound to follow it.