IN THE
TENTH COURT OF APPEALS
 

No. 10-00-357-CV

IN THE INTEREST OF R.M.W., A CHILD

 

From the 18th District Court
Johnson County, Texas
Trial Court # 5729-98
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Michael Walz appeals from an adverse finding in his suit to terminate the parental rights of
Debencia Dunham. Walz and Dunham are the unmarried parents of R.M.W. Walz claims in two
points that: 1) the trial court erred by failing to find that Dunham committed any of the predicate
acts under Texas Family Code section 161.001(1); and 2) Texas Family Code section 161.001(2)
is unconstitutional on its face.
      R.M.W. was born to Walz and Dunham on March 19, 1995. Walz filed suit in July 1996
requesting appointment as the sole managing conservator of R.M.W. The court signed a final
order granting him sole managing conservatorship on November 13, 1997. At the time the order
was signed, Dunham was in Oklahoma with R.M.W. visiting relatives. Dunham did not return
to Texas with R.M.W. as scheduled and remained in hiding until she was located in Oklahoma
seven months later. Pursuant to a writ of habeas corpus, R.M.W. was returned to Texas in June
1997. Walz filed this suit to terminate Dunham’s parental rights immediately after R.M.W.’s
return. The court denied Walz’s motion to terminate the parent-child relationship between
Dunham and R.M.W.
      Walz argues in point two that the “best interest” portion of Family Code section 161.001(2)
is facially unconstitutional based on the recent United States Supreme Court case of Troxel v.
Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L. Ed. 2d 49 (2000). The Troxel court held a
Washington statute unconstitutional because “it requires no showing of harm” and “sweeps too
broadly,” permitting visitation of a child by any person at any time with the only requirement
being that visitation serve the best interest of the child. Troxel, 530 U.S. at 62, 120 S.Ct. at 2058-59. We believe that Troxel is distinguishable from this case.
      Unlike the case before us, Troxel involved grandparent visitation in which there had been no
allegation that the parent is unfit. See Troxel, 530 U.S. at 67, 120 S.Ct. at 2061; In re R.D.Y.,
No. 01-99-01073-CV, 2001 Tex. App. LEXIS 2404, at *25 (Houston [1st Dist.] April 12, 2001,
no pet. h.). The Troxel court found that the Washington statute unconstitutionally infringed on
the parent’s fundamental liberty interest in the custody and control of their children. See Troxel,
530 U.S. at 67, 120 S.Ct. at 2061. The Washington statute at issue in Troxel permitted visitation
by “any person” if shown to be in the best interest of the child. Id.
      The Texas statute, however, requires one of nineteen predicate acts be proven by clear and
convincing evidence before the “best interest” of the child is even considered. See Tex. Fam.
Code Ann. § 161.001(1)(A)-(S). The Texas Supreme Court has also formulated a nonexclusive
list of factors to be considered by Texas courts in evaluating what is in the “best interest” of the
child. See Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976). The Washington statute at issue
in Troxel was not subject to any such restrictions. See Troxel, 530 U.S. at 67, 120 S.Ct. at 2061. 
Therefore, we find the Washington statute in Troxel distinguishable from the Texas Family Code
section 161.001(2). The Texas statute does not suffer the same constitutional impediments as the
Washington statute at issue in Troxel. Accordingly, point two is overruled.
      Termination of parental rights is a two part test. Termination requires a finding by clear and
convincing evidence that: 1) the defendant committed one of the predicate acts under the Texas
Family Code, and 2) termination is in the “best interest” of the child. See Tex. Fam. Code Ann.
§§ 161.001(1) and 161.001(2) (Vernon Supp. 2001). Because Walz must prevail on both parts
of this statute in this appeal, and point two is overruled, we need not address his first point of
error. 
      The judgment of the trial court is affirmed.

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed December 28, 2001
Do not publish
[CV06]



height: 0.388889in">      In his second point Quaintance complains that the court erred in allowing testimony of an
extraneous offense which occurred in the State of Washington approximately four years prior to
the offense in this case. At that time, J. Q., the victim, was three or four years of age. J. Q. was
the first State's witness, and he testified over objection that his father, the Appellant, forced him
to have sex with his two cousins. The testimony concerning the extraneous offense is as follows:
[Prosecutor]: What do you remember happening when you lived out in Washington?
[J. Q.]: Well, I don't remember anything except him making me--me getting
spanked a lot me having to smoke a whole pack of cigarettes.
[Prosecutor]: Do you remember anything happening with your cousin?
[Defense Attorney]: Your Honor, I will object at this time. Counsel is attempting
to go into an extraneous matter.
COURT: If I understood the question, did anything happen to him while--
[Prosecutor]: Right.
COURT: I overrule the objection. Do you remember anything happening to you
while you were with your cousins?
[J. S.]: [Appellant] forced me to have sex with my two cousins.
[Prosecutor]: Okay, do you remember how old they were, were they younger than
you, or older than you?
[J. S.]: They are older than me.
[Defense Attorney]: Your Honor, I wasn't sure of the answer. I could barely hear
it, but I think it is testimony to an extraneous allegation, and I would ask that it be
stricken as non-responsive, and ask the jury be instructed to disregard it.
COURT: Overruled.
[Prosecutor]: You can go ahead and answer the question. Were your cousins older
than you, or younger than you?
[J. S.]: Older.
[Prosecutor]: Okay, and when you say he forced you to have sex with them, is that
what you said?
[J. S.]: Yes.
[Prosecutor]: Can you be more specific and tell me what he made you do?
[J. S.]: He made me put my penis in my sister's vagina.
[Prosecutor]: When you say sister, do you mean your cousin?
[J. S.]: Cousin.
      To preserve a complaint for review on appeal, a party must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling he desires. Tex. R. App.
P. 52(a). If the same or similar evidence is admitted without objection, then a previous objection
to the evidence is waived. Brown v. State, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). To
preserve an alleged error for appeal, an objection must be timely and specific. To be timely, the
objection should be made before the question calling for objectionable testimony is answered in
front of the jury. Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). Since Appellant
complains that he had difficulty hearing J. Q.'s testimony, we will not be concerned with whether
his first objection to J. Q.'s testimony was timely. We do find, however, that he waived his
complaint when he allowed the same testimony to be admitted without objection when the State
asked J. S. to clarify his previous testimony regarding the extraneous offense. See Brown, 757
S.W.2d at 741; see also Mulden v. State, 707 S.W.2d 908, 914 (Tex. Crim. App. 1986). When
a party fails to effectively communicate his desire, a reviewing court should not hesitate to hold
that the complaint arising from the event has been lost. Lankston v. State, No. 1094-90, slip op.
at 2 (Tex. Crim. App. March 4, 1992). Having so found, we will not consider the questions of
relevancy and balancing of probative value against the danger of unfair prejudice required in
Montgomery v. State, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (on rehearing).
      Appellant also complains in his second point that the court erred in failing to give a limiting
instruction concerning the jury's consideration of the extraneous offense. The record does not
reflect that the Appellant requested a limiting instruction at the time the evidence was admitted,
and his right to complain is waived. See Tex. R. App. P. 52(a); see also Thompson v. State, 752
S.W.2d 12, 14 (Tex. App.—Dallas 1988), pet. dism'd, 795 S.W.2d 177 (Tex. Crim. App. 1990). 
Point two is overruled, and we affirm the judgment.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed June 17, 1992
Do not publish