# NO. 12-13-00185-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NOBLE LEE BARRETT, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Noble Lee Barrett, Jr., Appellant, of murder and assessed his punishment at imprisonment for ninety-nine years. In two issues, Appellant contends the trial court erred in admitting recordings of 9-1-1 calls, and in ordering Appellant to reimburse the county for court appointed attorney's fees. We modify the judgment and affirm as modified.

## BACKGROUND

Brenda Barrett, Appellant's wife, died from multiple severe head injuries. At 10:50 a.m. on December 3, 2011, the Anderson County Sheriff's Department received a 9-1-1 call from Brenda Barrett's cell phone.

CALLER: Yes, could I get an officer please come out to East 5109 Farm Market Road please.

DISPATCHER: 5109 what?

CALLER: East 23, Farm Market Rd.

DISPATCHER: What's going on?

CALLER: Please hurry, please hurry. I can't talk, please hurry.

DISPATCHER: I need to know what's going on?

The caller apparently hung up. The dispatcher immediately tried to call back. The second call back was answered, apparently inadvertently or unconsciously. A male voice said, "to the hospital. Now, I done bust your ____ head wide open. Lay down Brenda. Lay down." The male voice on the 9-1-1 recording was later identified as Appellant's. Some minutes later, Appellant went to Linda Wickware's house where he had been working and said Brenda was bleeding. When Linda Wickware saw Brenda's bloody, nonresponsive condition, she said "we have to call 9-1-1." She dialed 9-1-1 and gave the dispatcher the address. When the officers arrived, Brenda had no pulse and had ceased to breathe.

An examination of the interior of the house revealed blood stains inconsistent with Appellant's initial explanation that Brenda had fallen. A wire wrapped axe handle stained with the victim's blood was found hidden in the attic of the house. This was identified as the weapon used to bludgeon Brenda to death.

Appellant was charged with her murder.


### 9-1-1 CALL

In his first issue, Appellant contends the trial court erred in admitting into evidence, over his objection, a recording of the two calls made to 9-1-1, and the call back, inadvertently answered, made by the 9-1-1 dispatcher.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id*.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a).

A statement is not hearsay if the statement is offered against a party and is the party's own statement in either an individual or representative capacity. TEX. R. EVID. 801(e)(2)(A).

The admission of inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection that proves the same fact sought to be proven by the evidence erroneously admitted. *Brown v. State*, 757 S.W.2d 739, 741 (Tex. Crim. App. 1988). "It is well established that the improper admission of evidence does not constitute reversible error if the

2

same facts are shown by other evidence which is not challenged." *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998).

The State offered Exhibit No. 1, and Exhibit No. 2, through the testimony of Chief Deputy Troy Black. The trial court admitted both exhibits over Appellant's hearsay and authentication objections. Later, 9-1-1 dispatcher J. J. Jones testified without objection to receiving the first 9-1-1 call asking for police assistance. Jones also testified without objection to placing the call back to the number calling in which a male voice could be heard saying "to the hospital. Now I done bust your _____ head wide open." The first caller's voice was identified by Sherella Watson as the voice of her mother pleading for help. Linda Wickware, who had known Appellant for forty years, identified Appellant's voice as that heard in Exhibit 2. Mendi Cretsinger, another 9-1-1 dispatcher, testified without objection to the second 9-1-1 call made by Linda Wickware and Appellant.

The error, if any, in admitting the record of the 9-1-1 calls into evidence over Appellant's hearsay and authentication objections was rendered harmless by the subsequent admission of unchallenged testimony identifying the voices on the recordings. Appellant's statement recorded in Exhibit 2 was not hearsay, but the admission of a party opponent. TEX. R. EVID. 801(e)(2)(A). Appellant's first issue is overruled.

### ATTORNEY'S FEES

In his second issue, Appellant maintains the trial court erred in ordering him to reimburse Anderson County for court appointed attorney's fees without a finding that he had the ability to pay those fees.

Once a criminal defendant has been found to be indigent and eligible for court appointed counsel, he is presumed to remain indigent for the remainder of the proceedings unless there is a later determination by the trial court that his circumstances have materially changed. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). In order to assess attorney's fees, the trial court must determine that a defendant has financial resources that enable him to offset in whole or in part the cost of the legal services provided . TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014).

Appellant was determined to be indigent before trial, and the trial court appointed an attorney to represent him. The trial court made no finding that Appellant's financial

circumstances had thereafter changed.  Absent such a finding, the trial court erred in ordering Appellant to reimburse the county for court appointed attorney's fees.  Appellant's second issue is sustained.

## DISPOSITION

Having sustained Appellant's second issue, we *modify* the judgment by deleting the order requiring Appellant to reimburse Anderson County for his court appointed attorney's fees.  In all other respects, we *affirm* the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered August 27, 2014.
*Panel consisted Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 27, 2014**

**NO. 12-13-00185-CR**

**NOBLE LEE BARRETT, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30867)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified to** delete the order requiring **NOBLE LEE BARRETT, JR**., to reimburse Anderson County for his court appointed attorney's fees; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Bill Bass, Justice.
*Worthen, C.J., Griffith, and Bass, Retired J., Twelfth Court of Appeals,*
*sitting by assignment.*