Danny Earl TENNISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–90–007–CR.

Court of Appeals of Texas,
Waco.

July 25, 1991.

John A. Hastings, Jr., Meridian, for appellant.

Tim Rudolph, County Atty., Glen Rose, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant was charged with the Class A misdemeanor offense of Driving While Intoxicated. He was found guilty by a jury and punishment was assessed at 72 hours in jail and a fine of $500. In Appellant's sole point of error he alleges that the trial court committed reversible error by referring, in the presence of the jury, to the State's expert witness as "a credible witness". Appellant contends that such reference was an improper comment on the weight to be accorded specific testimony, consequently prejudicing the jury against him and constituting a mistrial. We will affirm.

The State, by way of cross-point, raises the issue whether Appellant, by not following long-established trial court procedure for pursuing an objection until an adverse ruling, did not preserve any error in the court's comment. The State alleges Appellant's objection to the trial court's comment was never sustained, and Appellant neglected to request a motion to disregard from the judge.

Rule 52(a) of the Texas Rules of Appellate Procedure states in part:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

TEX.R.APP.P. 52(a). The proper method of pursuing an objection until an adverse ruling is to (1) object and, if the objection is sustained, (2) request an instruction to disregard, and (3) if an instruction is given, move for a mistrial. *Harris v. State*, 784 S.W.2d 5, 12 n. 4 (Tex.Crim.App.1989). The issue is whether Appellant waived the error when he deviated from the normal procedure by, first, not getting his original objection to the court's comment sustained; second, by immediately moving for a mistrial instead of first requesting an instruction to disregard from the court; and, third, by allowing the State to make the request for an instruction to disregard.

According to the record, immediately following the trial court's comment on the credibility of the State's witness, Appellant objected to the comment. Instead of waiting for the trial court to sustain his objection, Appellant asked to approach the bench, where he requested a mistrial. The State suggested that the judge issue an instruction to disregard. Appellant then reiterated the State's suggestion for an instruction to disregard and again asked for a mistrial. The trial court gave the instruction, but overruled the motion for a mistrial. Under normal procedure, Appellant would have waited until the judge had sustained the original objection before requesting the instruction to disregard and the mistrial. However, this breach of regular procedure does not mean that Appellant forfeited his ability to contest the error. When the trial court comments upon the weight of the evidence, it may impliedly

**486**

sustain an objection to its comment if it carries out the complaining party's request to instruct the jury to disregard the comment, notwithstanding a failure expressly to sustain the party's original objection. *See Fuentes v. State,* 664 S.W.2d 333 (Tex. Crim.App.1984); and *Koller v. State,* 518 S.W.2d 373 (Tex.Crim.App.1975). Here, the trial court granted Appellant's request for an instruction to disregard and, therefore, impliedly sustained Appellant's objection.

■ The State further contends that because it, instead of Appellant, made the initial suggestion to the court to instruct the jury to disregard the comment and because Appellant moved for a mistrial before asking for an instruction to disregard, Appellant was effectively deprived of his ability to preserve his complaint. We disapprove of such attempts to place form over substance. As long as there was an objection that was sustained, a request for an instruction to disregard, and a motion for a mistrial, Appellant's complaint was preserved. It is irrelevant that the State made the request for an instruction to disregard; we are not going to put prosecuting attorneys in a position to prevent a defendant from preserving his complaint by simply making the request for an instruction to disregard before the defense attorney has the opportunity to do so.

■ Article 38.05 of the Texas Code of Criminal Procedure states, "[i]n ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible." TEX.CODE CRIM.PROC. ANN. art. 38.05. The trial court's comment concerning the credibility of the State's expert witness does violate Article 38.05; however, a mere violation does not necessarily constitute reversible error. On appeal, if the appellate court can determine beyond a reasonable doubt that the court's error made no contribution to the conviction or to the punishment of the defendant, then the error will be deemed to have been harmless. TEX.R.APP.P. 81(b)(2). The prejudicial effects of the court's comments can generally be eradicated by a jury instruction to disregard any comments the judge has made. *Marks v. State,* 617 S.W.2d 250, 252 (Tex.Crim.App.1981). Unless the comment is so inflammatory or the manner in which the trial judge instructed the jury to disregard is insufficient to remove the taint from the minds of the jurors, the comment will be deemed to have been harmless. *Florio v. State,* 626 S.W.2d 189, 190 (Tex. App.—Fort Worth 1981, no pet.). The judge stated, "[a] remark that was offered a moment ago about the credibility of the witness, please disregard that remark in your consideration. You're to make up your own mind about the weight of the testimony." We find the court's instruction to disregard its comment on the credibility of the State's witness to have sufficiently removed any taint from the minds of the jurors, rendering the judge's comment harmless.

We overrule Appellant's point of error and affirm the judgment.