Danny Leon Garner














IN THE
TENTH COURT OF APPEALS
 

No. 10-96-267-CR

     DANNY LEON GARNER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 18th District Court
Johnson County, Texas
Trial Court # 31300
                                                                                                                 

O P I N I O N
                                                                                                                 

      Danny Leon Garner was convicted of two counts of Aggravated Sexual Assault with a Deadly
Weapon and one count of Burglary of a Habitation with a Deadly Weapon. Tex. Penal Code
Ann. § 22.021 (Vernon 1994 & Supp. 1997). He pled guilty, and the jury assessed punishment at
life in prison plus a $10,000 fine. On appeal, Garner argues that the trial court erred in allowing
evidence of a prior felony conviction and that the State committed error by questioning about
inadmissable evidence. We will affirm.
      In his first point, Garner complains that the trial court erred in allowing evidence of a prior
felony conviction because it was remote and because it unfairly prejudiced him. We find that this
complaint was waived. Rule 33.1(a) of the Rules of Appellate Procedure states that to preserve a
complaint for appellate review, a party must have presented to the trial court a timely request,
objection or motion, stating the specific grounds for the ruling he desired the court to make if the
specific grounds were not apparent from the context. Tex. R. App. P. 33.1(a). It is also necessary
for the complaining party to obtain a ruling on his request, objection, or motion. Id; Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). In addition, the point of error must
correspond to the objection made at trial. Id.; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991), cert. denied, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). An objection
stating one legal theory may not be used to support a different legal theory on appeal. Broxton, 909
S.W.2d at 918; Sharp v. State, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986).
      Here, when evidence of the prior felony conviction was offered, Garner objected only on
hearsay grounds, and then affirmatively stated “no objection” when the document proving up the
conviction was offered. The objection was as follows:
      STATE:      Was the Defendant convicted in the state of Virginia for this offense?
      DEFENSE:  Objection, Your Honor, that’s completely hearsay unless he has the original
judgments with him.
      COURT:     I’ll sustain unless you have something else to tie it to, Mr. Hanna.
      STATE:      And you arrested him (Garner) for the offense of breaking and entering?
      MARTINDELL:       That’s correct.
      STATE:      And that’s a felony in the state of Virginia?
      MARTINDELL:       Yes, it is.
      STATE:      Judge, we’re going to offer State’s Exhibit No. 69. I’ve shown that to counsel.
      DEFENSE:  No objection.
      COURT:     It’s admitted.
      Exhibit No. 69 was the sentencing order from Virginia which Hanna summarized for the jury
without objection. “Basically, the report [states] he was convicted of the offense in question of
breaking and entering under Section 18.2-91 of the Virginia Code and was convicted of that felony
offense and placed on probation for a period of one year.” Because the objection made (hearsay)
does not comport with the point on appeal (remoteness and prejudice), and because Garner did not
object when the exhibit was tendered, we hold that the complaint was waived and nothing is
presented for our review. See Massey v. State, 933 S.W.2d 141, 157 (Tex. Crim. App. 1996);
Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996). Point one is overruled.
      In his second point of error, Garner complains that “the State of Texas committed reversible
error by questioning on an objectionable and inadmissible written statement by the Appellant.” The
exact nature of his complaint is unclear. From the arguments made in Garner’s brief, we assume
this is a claim of prosecutorial misconduct. Regardless of his exact complaint, any “error” by
either the prosecution or the court with regard to the written statement was waived. 
      As noted, the State called Officer Martindell to testify to a prior felony conviction in Virginia. 
Martindell testified that he arrested Garner at the scene, “Mirandized” him, and asked some
questions. He further testified that Garner waived his rights and gave a written statement. The
evidence was offered and objected to as follows:
      COURT:     Have you had a chance to look at that now, [counsel]? 
      DEFENSE:  Yes, sir.
      COURT:     Do you have an objection?
      DEFENSE:  Judge, I have an objection based upon this. We understand that any type of
documents outside the State of Texas can be introduced in their duplicate form. 
But this particular duplicate copy does not have a certified or certification or
verification stamped on it and I’m going to object to it based on the fact it’s not
properly authenticated.
      STATE:      This is not a court document. This is not a document filed, Judge, in the State
of Virginia as a public record.... Judge, I can do [it] another way. If it’s a
problem, I can do it another way.
      COURT:     I just wanted to discuss it.
      DEFENSE:  You can say what that is.
      COURT:     Objection sustained.
      DEFENSE:  It’s already entered non-responsively. The jurors already heard it.
      COURT:     Any other objection?
      STATE:      No.
      STATE:      What did he tell you happened in that written statement? 
      MARTINDELL:       He said he [was] walking down the street---
      STATE:      Read it exactly.
      DEFENSE:  Judge, I’m going to object to the reading of the instrument that’s been objected
to and sustained. I think he has a right to testify about the contents of it but not
read it verbatim.
      COURT:     Sustained. 
The witness then stated his version of the contents of the document without further objection.
      On appeal, Garner argues that by asking Martindell to “read it exactly,” the prosecutor
attempted to circumvent the trial court’s earlier ruling. Garner did not object to the prosecutor’s
conduct, nor to the court’s allowing the evidence to be paraphrased. Rather, the objection was to
the witness’ reading of a document that had been “objected to and sustained.” 
      To avoid the forfeiture of a complaint on appeal, the complainant must let the trial judge know
what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to
understand him at a time when the court is in a position to do something about it. Lankston v.
State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). We do not find that Garner’s complaint was
sufficiently conveyed to the court. When a party fails to effectively communicate his desire, a
reviewing court should not hesitate to hold that the complaint arising from the event has been lost. 
Id. It does not appear that Garner attempted to object to any conduct by the prosecution. His
objection referred merely to the lack of authentication of the document. 
      Nevertheless, even if Garner did attempt to object to the State’s conduct, once his objection
was sustained, he failed to take it to an adverse ruling. To perfect an issue for appeal, an objection
is required to inform the trial judge of the basis of the objection and to afford him an opportunity
to rule on it. Purtell v. State, 761 S.W.2d 360, 365-66 (Tex. Crim. App. 1988) (quoting Zillender
v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)). The proper method of pursuing an
objection until an adverse ruling is to (1) object and, if the objection is sustained, (2) request an
instruction to disregard, and (3) if an instruction is given, move for a mistrial. Harris v. State, 784
S.W.2d 5, 12 n.4 (Tex. Crim. App. 1989). 
      The issue is whether Appellant waived his complaint when he deviated from the normal
procedure. Tennison v. State 814 S.W.2d 484, 485 (Tex. App.—Waco 1991, no pet.). We believe
that he did. The objection should afford opposing counsel an opportunity to remove the objection
or supply other testimony. Id. This is exactly what was done. Garner objected to a verbatim
reading of the confession, the court sustained the objection, and the prosecutor supplied the
information in another manner. We find Garner’s second point without merit. We overrule point
two and affirm the judgment. 
 
                                                                               BILL VANCE
                                                                               Justice
 
Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed October 8, 1997 
Do not publish