**Affirmed and Memorandum Opinion filed July 18, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00115-CR

---

### KELLY DEWAYNE THOMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1479755**

---

## MEMORANDUM OPINION

In two issues, appellant Kelly Dewayne Thomas appeals his sexual-assault conviction. He asserts (1) the trial court erred in denying his motion for new trial based on jury misconduct resulting from an "outside influence" and (2) the trial court abused its discretion in denying appellant's motions for mistrial based on the State's allegedly improper closing argument. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded "not guilty" and stood trial before a jury. At trial the

complainant gave her account of her encounter with appellant. Several other witnesses also testified, including the police officer responsible for securing DNA evidence, the forensic nurse who administered the sexual-assault examination and collected DNA evidence, and the DNA analyst who examined the DNA saliva swab and buccal swab. Appellant did not testify during the guilt/innocence phase, but appellant presented several witnesses as part of his defense.

Twice during the State's closing arguments, appellant's counsel moved for a mistrial, asserting that the State improperly commented on appellant's failure to testify. The jury returned a "guilty" verdict. The trial court accepted the jury's assessment of punishment, and the trial court sentenced appellant to five years' confinement, suspended for a period of five years of community supervision.

In his motion for new trial, appellant argued that the jury based its "guilty" verdict on outside influences introduced during jury deliberations. Appellant offered a juror's affidavit, which the trial court admitted at the motion-for-new-trial hearing. Citing the record, including the affiant/juror's affirmation of the "guilty" verdict when polled, the trial court denied the motion.

## II. ISSUES AND ANALYSIS

**A. Did the trial court abuse its discretion when it denied appellant's motions for mistrial based on appellant's contention that the State improperly commented on appellant's right not to testify?**

Appellant complains that in two instances during the State's closing arguments, the State improperly commented on appellant's exercise of his Fifth Amendment right not to testify. Appellant claims that in each instance in which he objected, the trial court overruled or denied his objection and then denied his motion for a mistrial. Appellant does not point us to, nor can we find, any place in the record where the trial court overruled or denied the two objections.

Our record shows that the trial court asked the State to rephrase the

2

argument that drew an objection and the trial court instructed the jury to disregard the comments to which appellant objected. We conclude that the trial court implicitly sustained the appellant's objections. *See Tennison v. State*, 814 S.W.2d 484, 485–86 (Tex. App.—Waco 1991, no pet.) (concluding that trial court may impliedly sustain an objection to its comment by carrying out the complaining party's request to instruct the jury to disregard the comment, notwithstanding the court's failure to expressly sustain the party's objection). Therefore, the only reviewable error would be the trial court's denial of appellant's motions for mistrial that followed each of the objections. *See Hawkins v. State,* 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). Appellant has framed his complaint as an argument that the trial court abused its discretion in allegedly denying his objections to the State's closing-argument comments — comments which he alleges infringed upon his right not to testify. Because appellant also asserts that the trial court abused its discretion in denying his motions for mistrial, we liberally construe his brief as assigning error to the court's denial of appellant's motions for mistrial associated with both objections.

We review a trial court's denial of a motion for mistrial under an abuse-of-discretion standard. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Id*. The law treats mistrial as a remedy intended for extreme circumstances, in which prejudice cannot be cured and less drastic alternatives have been explored. *See id*. In determining whether a prejudicial event was so harmful as to warrant reversal on appeal, we are to consider (1) the severity of the misconduct (prejudicial effect), (2) any curative measures taken, and (3) the certainty of conviction absent the prejudicial event. *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011). Generally, when the trial court promptly

instructs the jury to disregard the improper statement, the instruction will cure any error associated with the improper statement, unless it appears that the statement was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds. *See Logan v. State*, 698 S.W.2d 680, 683–84 (Tex. Crim. App. 1985). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77.

*First Motion for Mistrial*

After having elicited testimony from its private investigator that the complainant maintained an active account on the dating website where she met the appellant, appellant's counsel stated in closing argument that the complainant still had not removed herself from the dating website. During the State's closing, the prosecutor responded that there was no evidence that the complainant was still on the website. Appellant's counsel objected that the prosecutor had misstated the evidence. The trial court promptly admonished the prosecutor to stay within the record and instructed the jury, "Ladies and gentlemen, you recall what the evidence is that came from this chair. Nothing these lawyers say is evidence." The prosecutor then remarked, "And that's important to remember because everything that they've given to you to contradict anything that we've given you, we've given you witnesses. We've given you real evidence. When she asks a question, [sic] she sounded real authoritative[.]" Appellant's counsel then objected on Fifth Amendment grounds and the trial court responded by instructing the jurors to disregard the prosecutor's comments. The trial court then told the prosecutor to "Rephrase." Appellant's counsel then requested a mistrial (for the first time), which the trial court denied.

We presume, without deciding, that the prosecutor's statements were improper comments on the defendant's failure to testify, and we consider the three

4

factors in determining whether the trial court abused its discretion in denying a mistrial. First, looking to the magnitude of the prejudicial effect of the remarks, we conclude the severity is slight, as the prosecutor's comment was embedded in legitimate argument. While the statement – "we've given you witnesses. We've given you real evidence" — might be interpreted as a comment on appellant's failure to testify, the record reflects that other, proper argument surrounded this comment and so diminished any ill effects. *See Archie,* 340 S.W.3d at 741 (concluding that the magnitude of prejudice of improper questions was diminished because the improper questions were embedded within other remarks that invited the jury to draw legitimate inferences). A reasonable juror could draw a legitimate inference that the entire comment was a continuation of the prosecutor's response to appellant's attack on the complainant's credibility. *See id.*

Second, looking to the trial court's response, we note that, in addition to taking immediate curative measures, the trial court included in the charge instructions about appellant's election not to testify, and expressly barred the jury from taking "it into consideration for any purpose whatsoever as a circumstance against him." In implicitly sustaining appellant's objection, and instructing the jury to disregard the objectionable statements, the trial court sufficiently reduced any potential harm. *See id.*

Third, looking to the certainty of the conviction absent the misconduct, we conclude sufficient evidence supported appellant's conviction. The record reveals that forensic nurses examining the complainant discovered a tear in the complainant's perineum. The nurse testified that the tear was consistent with the complainant's allegation of forced intercourse. Other forensic evidence also supported the complainant's testimony of forced intercourse; appellant could not be excluded as a contributor of DNA discovered in the complainant's inner labia majora and minora. *See Newby v. State,* 252 S.W.3d 431, 439 (Tex. App.—

Houston [14th Dist.] 2008, pet. ref'd) (holding denial of mistrial in sexual-assault conviction was not an abuse of discretion when appellant's conviction was "fairly certain" given the complainant's unambiguous testimony). This factor weighs in favor of the trial court's ruling.

Upon consideration of all three factors, we hold that the trial court did not abuse its discretion in denying the first motion for mistrial.

*Second Motion for Mistrial*

Immediately following the trial court's denial of the first motion, the prosecutor continued where he left off, stating:

> [Prosecutor]: And when she asks a question, the evidence is what the witness says back to her, correct? Now, I want you to think. What was actually in evidence? A whole lot of questions. A whole lot of dead ends.
>
> This Complainant had every reason to give up. She had every reason to not follow through with this case. Why in the world would anyone put themselves through this? They wouldn't.
>
> . . .
>
> This Complainant looked at y'all in the eye. She did show up. This is not a he said, she said. This is a he said, she said, she said, she said. Because everything she said made sense. Everything she said, the details, the details that actually matter, not these gotcha questions, what she says matters.
>
> . . .
>
> So, if you really have a dispute as to testimony, you can ask for that. But amongst yourselves, I think you can figure out certain things like that don't really matter.
>
> Well, if it doesn't matter, why would they want to bring it up? Because you got to say something. Your Defense can't be, well, guys, Prosecutor put on a pretty good case. We're going to sit down --
>
> [Appellant's Counsel]: Objection, your Honor. Improper comment on the Fifth Amendment right not to testify, Judge.
>
> Court: I didn't hear that. Disregard the last statement that the

6

Prosecutor made. Don't consider it for any purpose whatsoever.

Appellant's counsel immediately requested a mistrial, which the trial court denied. Still, the trial court remarked to the prosecutor, "you better watch it." No further incident occurred, and the trial court provided the jury written instructions in the charge. Viewing the prosecutor's statements in context suggests that he was commenting on appellant's counsel's role in the adversarial process and calling for the jury to disregard appellant's attacks on the complainant's credibility. *See Archie,* 340 S.W.3d at 741. Looking at the second factor, the trial court took immediate curative measures by asking the jury to disregard the comment and by including in the court's charge instructions about appellant's election not to testify. In these charge instructions, the trial court told the jury not to take "it into consideration for any purpose whatsoever as a circumstance against [appellant]." As to the third factor, we conclude that sufficient evidence supports the conviction and that this factor weighs in favor of the trial court's ruling. *See Newby,* 252 S.W.3d at 439. We hold that the trial court did not abuse its discretion in denying the second motion for mistrial.

Having found that the trial court did not abuse its discretion in denying both motions for mistrial, we overrule appellant's second issue.

**B. Did the trial court abuse its discretion when it denied appellant's motion for new trial based on jury misconduct?**

In his first issue, appellant complains that the trial court abused its discretion when it denied his motion for new trial. Appellant based the motion on alleged jury misconduct. At the hearing on the motion for new trial, the trial court admitted the affidavit of juror Miles, in which she stated that after the close of evidence she did not believe appellant was guilty of sexual assault or that the State had met its burden of proof. In the affidavit, Miles states that after the jurors were deadlocked and the trial court charged them to continue deliberating, the other jurors coerced

7

her to join their "guilty" verdict. In the affidavit Miles recites three events:

"One juror complained that we needed to 'be done with this'";

"[A]nother [juror complained] that they had a flight that had already been rescheduled twice that they were in danger of missing if the deliberations continued much longer"; and

"One juror, who stated she was a nurse, also gave me and the rest of the jury additional information regarding the prescription medications that had been mentioned during trial testimony, specifically her opinions regarding their effects."[1]

The State argued that the circumstances described in the affidavit did not rise to the level of jury misconduct because the evidence did not show an "outside influence" within the law as illustrated by two cases from the Texas Court of Criminal Appeals. The trial court noted its review of the trial record, and particularly noted the jury's "guilty" verdict and the jury's post-verdict responses to the jury poll: "Let the record reflect that the jury was indeed polled by the Defense where each individual juror was asked whether or not this verdict was their verdict, that being the verdict of guilty. And they all answered in the affirmative that it was." The trial court noted that the jury assessed punishment the same day, and that the trial court granted five years' probation. The trial court then denied the new-trial motion.

To establish grounds for relief from a jury verdict on the basis of juror misconduct, a defendant first must establish that an outside influence was improperly brought to bear on any juror, and then, without delving into the jury's deliberations, the trial court must conduct an objective analysis to determine whether there is a reasonable probability that the outside influence had a prejudicial effect on the "hypothetical average juror." *Woodman v. State*, 491

---

[1] During the cross-examination of the nurse who had administered the sexual-assault exam, the nurse agreed that the side effects of a medication the complainant had taken included "loss of self control," "memory [problems]," and "increased sexual drive."

8

S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

The trial court may deny a jury-misconduct motion for new trial if the only evidence offered to support the motion is the post-trial testimony of a juror who endorsed the verdict in open court during a jury poll. *Colyer v. State*, 428 S.W.3d 117, 126–27 (Tex. Crim. App. 2014). In this case, because the juror — appellant's only motion-for-new-trial witness — had affirmed the "guilty" verdict in a jury poll, the trial court stood free to discredit the juror's post-trial testimony, and deny the motion in the absence of any other evidence of misconduct. *See id.*

An inquiry into whether any outside influence was improperly brought to bear upon any juror is limited to that which occurs both outside of the jury room and outside of the jurors' personal knowledge and experience. *Colyer,* 428 S.W.3d at 125. An "outside influence" is something originating from a source outside of the jury room and other than from the jurors themselves. *McQuarrie v. State,* 380 S.W.3d 145, 154 (Tex. Crim. App. 2012).

We first consider whether the additional medical information or opinions that the nurse-juror provided the other members of the jury constituted an outside influence. *See Baker v. Wal-Mart Stores, Inc.*, 727 S.W.2d 53 (Tex. App.—Beaumont 1987, no writ) (a jury member, who was a nurse, telling other jurors medical information during deliberations was not an outside influence). To the extent appellant finds refuge in *McQuarrie* on account of the type of information brought to the juror, the Court of Criminal Appeals recognizes a material distinction in the source of the information. In *McQuarrie,* the high court determined that a juror's out-of-court internet research concerning the effects of a "date rape" drug at issue in the criminal trial amounted to an "outside influence." *McQuarrie*, 380 S.W.3d at 154. Unlike the information at issue in *McQuarrie*, which came from a source on the internet due to out-of-court research, the source of information in today's case is another juror — a nurse who imparted her own

9

opinions about the side effects of the drugs involved in the trial. *See id.* Although juror Miles did not report the content of the nurse/juror's opinions about the drugs or how the opinions influenced the deliberations, if we presume the information to be prejudicial, a juror's imparting background knowledge is an *inside* influence, not an impermissible "outside influence." *See Baker*, 727 S.W.2d at 54.

We next consider whether either the one juror's insistence to be "done with it," or the other juror's don't-make-me-miss-my-flight pressures constituted an outside influence. Coercive activity in the jury room, alleged to have occurred during deliberations, does not constitute proof of an impermissible "outside influence" for purposes of showing jury misconduct under Texas Rule of Evidence 606(b). *Romero v. State,* 396 S.W.3d 136, 152 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Pressures unrelated to the trial issues do not constitute outside influences. *See Colyer*, 428 S.W.3d at 127. Neither of juror Miles's references to co-jurors' urgings constitute an "outside influence." *See id.*

The trial court would not have abused its discretion in concluding that none of the statements made in juror Miles's affidavit constituted evidence of an "outside influence." We overrule appellant's first issue.

Having overruled appellant's two issues, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.

Do Not Publish — TEX. R. APP. P. 47.2(b).