

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00113-CR

_____

SETH HERRING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court Number 4
Tarrant County, Texas[1]
Trial Court No. 1634856R, Honorable Michael Thomas, Presiding

March 10, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Seth Herring, appeals his conviction for sexual assault[2] and resulting sentence of two years' imprisonment. We affirm the trial court's judgment.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.011.

**BACKGROUND**

K.P.[3] hosted a New Year's Eve party on December 31, 2016. She began drinking and started to feel intoxicated around 11:00 p.m.[4] After ringing in the new year, K.P. went to a bedroom and lay down on the bed. Appellant and his girlfriend entered the bedroom where K.P. was resting around 2:00 a.m. Appellant's girlfriend checked on K.P. and then entered the adjacent bathroom. She and Appellant had a conversation through the door. After K.P. heard the bathroom door lock, Appellant pulled down K.P.'s top and put his mouth on her breast. Appellant then pulled K.P.'s jeans and underwear down and licked the top of her vagina. Appellant then placed K.P.'s hand on his penis. K.P. was aware of these things happening but did not take any actions to stop or discourage Appellant's advances. When Appellant heard his girlfriend flush the toilet, he threw K.P.'s hand off his penis and straightened her clothing in a manner that belied that she had been recently exposed. Soon thereafter, another of K.P.'s friends entered the bedroom. K.P. rolled over, began crying, and told her friend, "I need you to get him out of here, being—him being Seth [Herring]." After Appellant left the bedroom, K.P. told her friend about what happened. The police were contacted and K.P. went to the hospital for a sexual assault examination. K.P. articulated the events identified above to the sexual assault nurse examiner.

---

[3] We identify the complainant by using initials. *See* TEX. CONST. art. I, § 30(a)(1) (granting crime victims the "right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[4] K.P. testified that she had recently had gastric sleeve surgery, which removed approximately 70 percent of her stomach, and she had lost 110 pounds as a result. Both the surgery and weight loss affected K.P.'s alcohol tolerance in a way that made it easier for her to become intoxicated.

Appellant was interviewed by a sergeant of the Saginaw Police Department. During this interview, Appellant described K.P. as being highly intoxicated, in and out of consciousness, and too drunk to walk in the time leading up to the assault. In March of 2020, Appellant was indicted for sexual assault. Following trial, a jury convicted Appellant of sexual assault as alleged in the indictment. After a brief punishment hearing, the jury returned a verdict sentencing Appellant to two years' incarceration. After the trial court entered a judgment consistent with the jury's verdicts, Appellant timely filed his notice of appeal.

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that the evidence is insufficient for a rational jury to conclude that he knew that K.P. was unconscious, physically unable to resist, or unaware that sexual assault was occurring. His second issue is presented in the alternative and contends that the trial court committed reversible error both by overruling his relevance objection and "vouching" for the State's witness.

## SUFFICIENCY OF THE EVIDENCE

By his first issue, Appellant contends that the evidence is insufficient to support his conviction for sexual assault as alleged in the indictment, specifically whether he knew that K.P. was unconscious, physically unable to resist, or unaware that sexual assault was occurring.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,

3

319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id*. at 906–07 & n.26. In our review, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See id*. at 899. We must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

The indictment in this case alleges that Appellant intentionally or knowingly caused the sexual organ of K.P. to contact the mouth of defendant and penetrated K.P.'s sexual organ by inserting his finger and/or tongue in K.P.'s sexual organ "without the consent of [K.P.], and [Appellant] knew [K.P.] did not consent and [Appellant] knew [K.P.] was unconscious or physically unable to resist." *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A), (C), (b)(3). Appellant does not challenge the sexual contact portions of these offenses. Instead, he challenges whether he knew that K.P. was unconscious or physically unable to resist.

Through her testimony, K.P. acknowledged that she was aware of the acts that Appellant committed. The State sought to prove that K.P. was so inebriated that she was unable to resist and that Appellant was aware of this fact. When affirmative assent has

4

not been given and the actor knows that the victim is so impaired that resistance is not reasonably expected, sexual contact is without consent because the victim was "physically unable to resist." *Elliott v. State*, 858 S.W.2d 478, 485 (Tex. Crim. App. 1993) (en banc). In other words, the State need not prove that the victim was physically unable to resist; rather, it must prove that the actor knew the victim was impaired to the point that resistance is not reasonably to be expected. *Id*.

The jury heard sufficient evidence to determine that Appellant knew that K.P. was impaired to the point of being physically unable to resist. K.P. testified that she had recently had gastric sleeve surgery and had lost 110 pounds. The sexual assault nurse examiner testified that K.P.'s surgery and weight loss would make K.P. less tolerant of alcohol. On the night of the sexual contact, K.P. testified that she was drinking, was "obviously drunk," and needed to lie down even before midnight. K.P. said that the room was spinning and that she "passed out." Attendees of the party felt it necessary to check on K.P. to ensure she was still breathing. When a victim's intoxication was apparent to others, a rational jury can infer that the victim's intoxication was apparent to defendant as well. *See Limonta-Diaz v. State*, 593 S.W.3d 447, 459–60 (Tex. App.—Austin 2020, pet. ref'd). Further, the jury also heard direct evidence that Appellant was aware of the extent of K.P.'s intoxication. In an interview with a sergeant of the Saginaw Police Department, Appellant acknowledged that, prior to his sexual contact with K.P., she was "highly intoxicated," "in and out of consciousness," and "too drunk to walk" or even stand up.

Viewed in the light most favorable to the jury's verdict, the evidence would allow a reasonable jury to conclude that, at the time of the sexual contact, Appellant knew that

K.P. was impaired to the point that resistance could not be reasonably expected. As such, we overrule Appellant's first issue.

**ADMISSION OF STATE'S EXPERT WITNESS**

By his second issue, Appellant contends that the trial court reversibly erred by overruling his relevance objection and "vouching" for the State's expert witness. We overrule Appellant's second issue.

<u>Appellant's Relevance Objection</u>

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 104 (Tex. Crim. App. 1996). If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Error in the admission or exclusion of evidence is generally reviewed for non-constitutional error. *See Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). An appellate court must disregard a non-constitutional error that does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b). If, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly, we will not reverse a conviction. *Ricks v. State*, AP-77,040, 2017 Tex. Crim. App. Unpub. LEXIS 819, at *30 (Tex. Crim. App. Oct. 4, 2017) (not designated for publication) (citing *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011)). We will

6

only reverse a conviction for non-constitutional error if we have "grave doubt" about whether the result of the trial was substantially influenced by the error. *Barshaw*, 342 S.W.3d at 94.

During the trial, the State called Amy Jones to testify. Jones is a licensed professional counselor and the CEO of the Dallas Area Rape Crisis Center. After establishing Jones's qualifications and her status as an expert in other courts, Jones explained that she intended to testify regarding the dynamics of sexual assault and resulting trauma, including "counterintuitive victim behavior." The State then offered Jones as an expert witness. Appellant objected on the basis that Jones's testimony would not be relevant. After the State responded to Appellant's relevance objection, the trial court said, "The objection is overruled, and she is designated as an expert." Appellant did not request a running objection or object to any of Jones's subsequent testimony.

To preserve error, the record must reflect that the trial court was made aware of the purported error by timely request, objection, or motion that identifies the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless such grounds are apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). A general relevance objection without more is not sufficient to preserve error. *See Barnard v. State*, 730 S.W.2d 703, 716 (Tex. Crim. App. 1987) (en banc) ("a general objection . . . presents no error for review"); *Goodrich v. State*, 632 S.W.2d 349, 349 (Tex. Crim. App. 1982) ("The failure to offer a specific objection to the admission of the evidence presents nothing for review."). In the present case, Appellant objected that Jones's testimony would not be relevant to this case. He did not elaborate or attempt to explain how Jones's

7

testimony would not be relevant nor did he raise any specific objections during Jones's testimony. Consequently, we conclude that Appellant has not preserved any error in the trial court's admission of Jones's testimony.

However, even if Appellant had properly preserved his claim of error in the admission of Jones's testimony, we conclude that her testimony was directly relevant. Appellant states, in his brief, that, "the only plausible theory that can support the verdict is that K.P. becoming 'frozen' amounts to K.P. being unable to physically resist." Without considering the truth of the statement, Appellant acknowledges that Jones's testimony about counterintuitive victim behavior, including that a victim might freeze in fear and not resist, is directly relevant to the State's primary theory of the case. We conclude that Jones's testimony was relevant to this case.

Trial Court's Comment

As a subpart of his second issue, Appellant contends that the trial court expressly designating Jones as an expert in the presence of the jury constituted an improper comment on the weight of the evidence.

A trial judge must refrain from making any remark calculated to convey to the jury his opinion of the case. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). In addition, article 38.05 of the Texas Code of Criminal Procedure prohibits a trial judge from commenting on the weight of the evidence in criminal proceedings. TEX. CODE CRIM. PROC. ANN. art. 38.05. "The trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the

8

case." *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In addressing a complaint that the trial court impermissibly commented on the weight of evidence, courts tend to address whether the trial court's comments impermissibly tread upon a defendant's presumption of innocence. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (citing *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.)).

Appellant contends that the trial court's designation of Jones as an expert constituted a comment concerning the credibility of a witness. The trial court's comment designating Jones as an expert witness was not an improper comment on the weight of her testimony; rather, it was a comment on its admissibility. *See Kihega v. State*, 392 S.W.3d 828, 834 (Tex. App.—Texarkana 2013, no pet.) (trial court's recognition of State's witness as an expert is not approval of State's argument, disbelief in defense's position, or diminishing of credibility of defense's approach to case). Appellant cites *Tennison v. State*, 814 S.W.2d 484 (Tex. App.—Waco 1991, no pet.), in support of his position. There, the trial court stated, in the presence of the jury, that the State's expert witness was "a credible witness." *Id*. at 485. On appeal, the reviewing court held that this comment did violate article 38.05 of the Texas Code of Criminal Procedure. *Id*. at 486. We find that designating a witness as an expert is distinguishable from articulating that the witness's testimony is credible. We conclude that the trial court did not improperly comment on the weight of the evidence.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker<br>
Justice

Yarbrough, J., concurring.

Do not publish.